UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Beverly Lewis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2:05cv85 |
| v. ) | |
| ) | |
| Jamil R. Tareen, M.D., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Beverly Lewis ("Lewis") commenced this action on August 15, 2005, alleging diversity jurisdiction. Plaintiff alleges she is a resident of North Dakota and all of the relevant events giving rise to her claim occurred in North Dakota. Plaintiff further alleges that defendant Dr. Jamil R. Tareen ("Dr. Tareen") "is a resident or citizen of the State of Minnesota." Dr. Tareen asserts he is not a resident of Minnesota "for purposes of creating diversity jurisdiction," but rather his domicile is North Dakota. Memorandum in Support of Defendant's Motion for Summary Judgment, at 2. Dr. Tareen filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, and an alternative Motion for Summary Judgment (Doc. #16). The court held a status conference on May 23, 2006. At that time the parties agreed to present the jurisdictional issue to the court on an evidentiary basis, permitting the court to draw inferences as a fact finder as opposed to being constrained by the summary judgment standard. The parties submitted additional evidence by way of briefs and exhibits in lieu of an evidentiary hearing. Based on the parties' submissions, the court finds that diversity jurisdiction does exist and the matter is properly before this court. Accordingly, defendant's Motion to Dismiss and alternative Motion

1

for Summary Judgment (Doc. #16) are **DENIED**.

Discussion

Federal district courts have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332 (a)(1). In determining the citizenship of parties for diversity purposes, the court must determine the parties' citizenship, or domicile. Janzen v. Goos, 302 F.2d 421 (8th Cir. 1962). Citizenship and domicile are synonymous for the purposes of 28 U.S.C. § 1332. Id. at 424. Furthermore, a district court's conclusion as to citizenship for purposes of federal diversity jurisdiction is a mixed question of law and fact (albeit primarily fact). Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992) (citing Blakemore v. Missouri Pac. R.R., 789 F.2d 616, 618 (8th Cir. 1986)). Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 769 (8th Cir. 2005) (citing Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990)). The existence of diversity of citizenship is to be determined as of the time suit is instituted. Janzen v. Goos, 302 F.2d 421, 424 (8th Cir. 1962).

Domicile is defined as "the place at which a person has been physically present and that person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere." Black's Law Dictionary (8th ed. 2004). The court employs a two-pronged test to determine a person's domicile: First, whether the person is physically present in the purported state of domicile, and second, the person's intention to remain there indefinitely. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

To satisfy the intent requirement of the domicile test a person must intend to make his home indefinitely in the place he is physically present. Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). Intention to remain there permanently is not required. Id. at 537. The essential fact that raises a change of abode to a change of domicile is the absence of any intention to live elsewhere, or the absence of any present intention of not residing permanently or indefinitely in the new abode. Williamson v. Osenton, 232 U.S. 619, 624 (1914).

Lewis asserts that Dr. Tareen's presence in Minnesota at the time of service, his ownership of a home in Eagan, Minnesota, the completion of a Homestead Application in Minnesota, and a statement by his daughter of Dr. Tareen's intent to move to Minnesota to help care for his grandchildren establish that Dr. Tareen's domicile was Minnesota at the time of the commencement of this action. Dr. Tareen argues there are a myriad of contacts which establish he never intended to change his domicile from North Dakota to Minnesota, and that the ownership of real estate and the mistaken filing of the Homestead Application do not change his domicile.

    1.    <u>Purchase of Home in Eagan, Minnesota and Sale of Home in Cavalier, North Dakota</u>

Dr. Tareen resided and practiced medicine in Cavalier, North Dakota for many years. In September 2004 he purchased a home in Eagan, Minnesota. He retired from the practice of medicine in 2005, and at approximately the same time he placed his Cavalier, North Dakota home for sale. He testified he was selling the Cavalier house because of its large size, and he was planning to buy a smaller one in the fall. Dr. Tareen's home in Eagan, Minnesota is nearly as large as his house in Cavalier, North Dakota: 4644 square feet, and over 5000 square feet,

respectively. The Cavalier home is listed for sale for $290,000.  The Eagan home is valued at $535,000.

Lewis argues it is illogical that Dr. Tareen was "truly selling his Cavalier house only because it was too big" when his new residence is nearly as large and cost nearly twice as much. Plaintiff's Response to Defendant's Motion for Dismissal, at 9.  Dr. Tareen asserts he intends eventually to buy a smaller home in Cavalier, and further, that simple economics play a significant role in the price of housing; houses in the Minneapolis metropolitan area are significantly more expensive than comparable homes in Cavalier, North Dakota.  Further, Dr. Tareen asserts that the simple fact of his ownership of real property in Minnesota does not establish Minnesota as his domicile.

    2.    Homestead Classification Application

During the closing of his Eagan, Minnesota home, Dr. Tareen signed a Homestead Classification Application.  Property classified as homestead is assessed at a lower property tax rate. The application requires the applicant (1) be the owner of the property, (2) occupy the property listed as the primary residence, and (3) be a Minnesota resident.  Dr. Tareen signed the Homestead Classification Application on September 20, 2004.  A false statement as to primary residency may result in a $3,000 fine and up to one year in prison.  As of January 31, 2006 Dr. Tareen's home in Eagan, Minnesota was still classified as his homestead.  After Dr. Tareen's deposition on February 3, 2006, he revoked his Homestead Classification and paid any taxes that were owed because of the lower rate at which his Eagan home was previously taxed.

Dr. Tareen testified he did not know what he was signing at the time of the closing, and he revoked his Minnesota homestead status because he was a North Dakota resident.  Plaintiff

argues that ignorance of the law is no excuse. Lewis also argues that Dr. Tareen's subsequent rescission of his homestead classification calls into question his credibility, suggesting that his earlier representation of homestead is more likely true, "since it was made prior to the beginning of this lawsuit." Dr. Tareen argues that because the Homestead Application was signed prior to his retirement, "[t]here can be no way that this can be viewed as anything other than a mistake- which has been corrected and the taxes paid as a non-homestead." <u>Memorandum in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction</u>, at 3.

    3.    <u>Sophia Tareen's Newspaper Article</u>

Sophia Tareen, Dr. Tareen's daughter, wrote an editorial in the Fargo Forum on July 5, 2005. In this article she praised her father's time as a surgeon in Cavalier, North Dakota. She also indicates Dr. Tareen's post-retirement plans, stating: "In retirement, my parents plan to do volunteer work abroad, and move closer to their twin grandchildren who live in Minneapolis." <u>Fargo Forum</u>, 07/05/2005.

Lewis asserts this statement is evidence of Dr. Tareen's intention to move to Minnesota indefinitely to help care for his grandchildren, subsequently confirmed by his deposition testimony: "See, my daughter lives close to Eagan and she has a set of twins and we used to go there and look after the twins and my time came and my wife said, why don't we buy a house in Eagan, which is close to her house, and then we can live on our own and it will be easy to sell that house, too, when we move." (Tareen Depo. p. 7). Plaintiff further suggests that Dr. Tareen's daughter would surely know his intentions and that his relief work in Pakistan is consistent with his daughter's statement of his intentions.

5

Conversely, Dr. Tareen argues the statement does not suggest Dr. Tareen intended to abandon Cavalier, North Dakota but rather addressed his close ties to the community.

4.  Other North Dakota Contacts

Dr. Tareen lists numerous contacts with the State of North Dakota. These include a North Dakota driver's license of thirty years, bank accounts and pension funds handled in North Dakota, payment of 2005 estimated income tax to the State of North Dakota, vehicle registration in North Dakota, voting in North Dakota, and a North Dakota physician's license. Lewis counters that these contacts are not significant in the analysis, since new residents frequently do not change their drivers license or vehicle registrations immediately after moving to a new state, and Dr. Tareen likely has not had a need or opportunity to establish services in Minnesota due to his lengthy absence from the country following the commencement of this action.

## Court's Findings and Conclusion

The parties have given the court the authority to determine Dr. Tareen's domicile based on the facts as presented in their submissions and the inferences to be drawn therefrom. In order to find jurisdiction in this court, the undersigned must find by a preponderance of the evidence that Dr. Tareen's domicile at the time of commencement of the action was Minnesota. Based on the following discussion, the court does find that Dr. Tareen's domicile was Minnesota.

Dr. Tareen was served with process in this case by the Dakota County Sheriff's office at his home in Eagan, Minnesota. The court finds his physical presence in Minnesota at the critical time in the proceedings significant. Further, the court gives substantial weight to the facts that support the conclusion that Dr. Tareen intended to make Minnesota his domicile after his retirement. His purchase of the home in Eagan, Minnesota is indicative of his future plans

following retirement.  Retirees often move closer to family members, and Dr. Tareen did state he was moving to Minnesota to help care for his grandchildren.  Further, the court finds that Dr. Tareen's filing of the Homestead Application and receipt of the tax benefit carries significant weight in determining his intentions.  He specifically stated in the Homestead Application under penalty of perjury that he moved to Minneapolis from Cavalier and intended to make Minnesota his primary residence.  Dr. Tareen is an educated man, and the court presumes he knew what he was signing.  His subsequent revocation of the homestead designation raises a red flag; it is more likely than not that Dr. Tareen was attempting to avoid being haled into federal court to defend this action by destroying diversity jurisdiction.  As for other indicia of residency such as his driver's license and vehicle registration, the court finds that simply because Dr. Tareen has not taken the relatively unobtrusive and essentially ministerial steps to change these to reflect his Minnesota residency does not prove his domicile was other than Minnesota.  He may have simply delayed making these changes so as to bolster his position in this motion.  Finally, his other contacts with North Dakota, such as his tax preparer, dental and optometry services are indicative of a person who has lived in the community for 31 years.  Dr. Tareen will find alternate providers in Minnesota, given time.  Therefore, the court finds that Dr. Tareen's domicile at the time of commencement of this action was Minnesota.  Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

Dated this 5th day of September, 2006.

_____
Karen K. Klein
United States Magistrate Judge